IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NANCY WILLIAMS,

        Plaintiff,

v.                                         CIVIL ACTION NO.  2:12-cv-00511

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
*(Plaintiff's Motion for Summary Judgment)*

Pending before the court is the plaintiff's Motion for Partial Summary Judgment [ECF No. 96]. As set forth below, the plaintiff's Motion is **GRANTED.**

I.    Legal Standard for Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

III. Analysis

The plaintiff argues she is entitled to summary judgment on defendants' affirmative defenses 42, 45, 66, and 77 in their Master Answer and Jury Demand of Defendant Ethicon, Inc. to First Amended Master Complaint ("Master Answer"), as they relate to any of plaintiff's physicians, because the defenses are without evidentiary support, namely lack of expert testimony. Mem. Supp. Partial Mot. Summ. J.), at 3–4, [ECF No. 97]. The defendants agree that this court should dismiss

several of the affirmative defenses listed in their Master Answer to the extent they are based on the purported negligence of plaintiff's physicians, and Ethicon withdrew defenses 42, 45, 51, 66, and 77. Resp. Mem. Opp. Mot. Summ. J. 1, [ECF No. 91]. Accordingly, the plaintiff's Motion with regard to these defenses is **GRANTED**.

IV. Conclusion

For the reasons discussed above, it is **ORDERED** that the plaintiff's Partial Motion for Summary Judgment [ECF No. 96] is **GRANTED** to the extent that the affirmative defenses are based on the comparative and/or contributory fault of plaintiff's physicians.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 6, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE